**MACEY, Admr., Plaintiff-Appellee, v. DUDAS, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County

No. 23121. Decided June 2, 1954.

Sanford W. Likover, Cleveland, for plaintiff-appellee.
Gail M. Halley, Cleveland, for defendant-appellant.

(DOYLE, PJ, STEVENS, J, HUNSICKER, J, of the Ninth District sitting by designation in the Eighth Appellate District.

## OPINION

By STEVENS, J:

John A. Macey was, on February 19, 1953, duly appointed administrator of the estate of John Mezei, deceased, by the Probate Court of Cuyahoga County.

As such administrator, he filed an action for a declaratory judgment against Vincent Dudas, wherein he requested that Dudas be required "to state his claim, if any, in this court," to certain personal property stored at the National Terminals Co. warehouse at 1200 West Ninth Street, Cleveland, Ohio.

Dudas filed an answer wherein he disclaimed any ownership in the property, but alleged that the rightful owner of the property was not the decedent; and a cross-petition, wherein he alleged that the administrator had taken control of said property, although knowing the identity of the rightful owner, and now claimed the property as property of the estate.

Upon hearing on May 26, 1953, the Probate Court found that Dudas had no interest in said personal property, and barred him of any rights therein.

A demurrer was interposed to his cross-petition which was sustained by the Probate Court, the cross-petition was dismissed and the administrator was ordered to proceed with the inventory and appraisement of said estate according to law.

Thereafter, certain applications were filed by Anna Varga, which are of no importance in the matter now being considered.

Sometime between August and October 17, 1953, Dudas went to the warehouse where the personal property was stored under lock placed thereon by the administrator; removed the lock, placed thereon another lock to which he had the key, and posted a scurrilous notice on the door leading to the leased space.

On October 17,1953, the attorney for the administrator visited the leased space, found the notice and the new lock, removed both and placed the administrator's lock thereon.

He then filed a motion to show cause in contempt against Dudas.

After hearing, the Probate Court found Dudas guilty of contempt.

It is from that finding that this appeal on questions of law has been prosecuted to this court.

There are four assignments of error presented by appellant Dudas, all being based upon appellant's assertion that appellee, being the administrator of a decedent's estate is not an officer of the Probate Court, and hence that any interference with the administrator does not constitute a contempt of court.

It is conceded that appellant had personal knowledge that appellee was the administrator of the estate of decedent, appointed by the Probate Court of Cuyahoga County, and that he likewise knew of the court's order in the declaratory judgment action, wherein it was determined that he had no interest in the personal property in question, and the administrator was ordered to proceed with the administration according to law.

It is further conceded that Dudas removed the administrator's lock from

314

the door of the room where the property was located, and substituted therefor another, and that he posted the notice on the door. This, however, is claimed to have been done as agent for the true owner of said personal property.

We are unable to agree with appellant's contention that the duly appointed administrator of a decedent's estate is not an officer of the Probate Court which appointed him. On the contrary we hold that he is an officer of the Probate Court, and that his possession of a decedent's personal property is the possession of the court.

**18 O Jur, Executors and Administrators, Sec 2, P 38.**

Byers Admr. v. McAuley, et al 149 U. S. 608 37 L. Ed. 867 paragraph 2 of syllabus.

Barriellee v. Bettman 199 Fed. 838 at page 842.

**Beacon Mutual Indemnity Co. v. Stalder, Admr.,** case No. 4438 Summit County, Court of Appeals, decided on April 21, 1954. **95 Oh Ap 441.**

One who knowingly takes possession of personal property while it is in possession of an administrator, and who actually or constructively deprives the administrator of possession thereof, knowing that the administrator has been ordered by the Probate Court to inventory and appraise the property according to law, is guilty of a contempt of the Probate Court, under the provisions of **Sec. 2705.02 R. C.**

We have considered the several assignments of error and find no prejudicial error shown by this record.

The judgment will be affirmed. Exceptions. Order see journal.

DOYLE, PJ, HUNSICKER, J, concur.